UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MATTHEW AUGUST LEFANDE,   Case No.: 21-16320-PDR

  Debtor.   Chapter 7

_____/

**OMNIBUS REPLY IN SUPPORT OF (I) OBJECTION
TO CLAIM OF EXEMPTIONS, (II) MOTIONS TO EXTEND TIME
TO OBJECT TO DISCHARGE AND (III) MOTION TO DISMISS**

District Title files this omnibus reply brief in support of the following documents: (1) the *Objection to Debtor's Claim of Exemptions* (the "Objection") [ECF No. 38], (2) the *Motion to Dismiss Case as a Bad Faith Filing* (the "Motion to Dismiss") [ECF No. 43], and (3) the *Motion to Extend Time to Object to Discharge* and *Second Motion to Extend Time to Object to Discharge* (together, the "Motions to Extend Time") [ECF Nos. 49 and 64]. In support of its reply, District Title states:

**ARGUMENT**

District Title and the debtor in this case, Matthew August Le Fande (the "Debtor"), are parties to several contested matters. Broadly speaking, the contested matters can be divided into two categories.

   A.   **The Objection and Motions to Extend Time.**

The first category consists of the Objection and Motions to Extend Time. These contested matters share a threshold timeliness issue—namely, whether several deadlines established by an initial, defective meeting of creditors notice, or a later, corrected notice, are controlling. The Debtor argues that the initial notice, which does not contain his social security number in violation of Fed. R. Bankr. P. 2002(a)(1), and was never mailed to the

{2396/000/00534345}

creditor matrix, is binding, and that the Objection and Motions to Extend Time are untimely. By contrast, District Title argues that its filings are timely because the later, corrected notice, which complies with Rule 2002 and was mailed to creditors, established the deadlines at issue.

In support of its position, District Title has cited no less than three federal appellate cases—*Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 630 (6th Cir. 1994), *In re Themy*, 6 F.3d 688 (10th Cir. 1993), and *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 926 (9th Cir. 1992)—in which courts accepted filings made per a meeting of creditors notice deadline, notwithstanding the existence of an earlier notice and deadline. *See* ECF No. 49 at pp. 4–7 (citing cases). Indeed, as *Themy* notes, "courts have almost uniformly allowed an out-of-time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline." 6 F.3d at 690. These rulings are based on a variety of equitable principles, including: (1) as between two innocent parties (i.e. the debtor and a creditor) who may suffer harm from competing deadlines, the debtor should bear the loss because he has a greater incentive to examine and correct the notice, (2) parties are entitled to rely on information issued by bankruptcy courts, and (3) the intent behind the Bankruptcy Rules is not contravened when a party relies on a court document. *See* ECF No. 49 at pp. 4–7 (quotations omitted).

The Debtor filed a response brief on January 3, 2022 (the "<u>Response</u>"). ECF No. 69. The Response does not even reference, let alone attempt to rebut, the appellate cases referenced *supra*. Rather, the Debtor recites a hodgepodge of obvious bankruptcy principles, such as "[t]he strict time limitation placed upon Creditors who wish to object to a debt's dischargeability reflects the Bankruptcy Code's goal of providing the Debtors with a fresh start." Resp. 5 (citations omitted).

Those arguments miss the point. The issue before the Court is not whether the Bankruptcy

{2396/000/00534345}

Code is designed to provide an honest debtor with a fresh start in life. It obviously does. The issue is whether a creditor should be punished for complying with a Court-ordered deadline. As at least three federal appellate courts have held, the answer to the latter question is no.[1]

The Court can and should sustain the Objection and grant the Motions to Extend Time.

### B. The Motion to Dismiss.

The second category of contested matters between the parties consists of the Motion to Dismiss. As opposed to exemptions, discharge and dischargeability deadlines, which are keyed off the date of the meeting of creditors, the Bankruptcy Rules do not appear to establish a deadline to seek dismissal of a bankruptcy case. *See* Fed. R. Bankr. P. 4003(b), 4004(a) and 4007(c) (establishing filing deadlines). With timeliness not at issue, the Court should resolve the Motion to Dismiss on its merits.

Through the Motion to Dismiss, District Title has established that the Debtor sought bankruptcy relief in bad faith. Incorporating various court orders from the District of Columbia as exhibits, the Motion to Dismiss describes how the Debtor represented a client who mistakenly received sale proceeds in a routine real estate closing, as well as a subsequent transferee. After obtaining a judgment against the transferees, District Title learned through discovery that the Debtor, *inter alia*, assisted his clients in transferring assets to New Zealand in violation of a federal injunction. A federal district court has ordered the Debtor to testify regarding the transfers, and the Debtor has violated at least six court orders in refusing to do so. The Debtor has been held in contempt, and filed for bankruptcy to escape his mounting difficulties in another forum. *See generally* Mot. to Dismiss at 1–6.

As with its failure to address the appellate cases cited by District Title, the Response does

---

[1] District Title notes that this logic also applies to the adversary complaint it has filed against the Debtor to deem its debt non-dischargeable. *See* Adv. Proc. No. 21-01364-PDR.

{2396/000/00534345}

not even attempt to rebut these bad faith allegations. The Debtor has not raised a factual dispute. Taken at face value, the allegations in the Motion to Dismiss make it apparent that the Debtor sought bankruptcy relief in bad faith.

**WHEREFORE**, District Title respectfully requests that this Court enter an Order (1) granting the Motion to Dismiss and dismiss this case with prejudice as a bad faith filing, (2) in the alternative, sustaining the Objection and granting the Motions to Extend, and (3) granting District Title such other and further relief as this Court deems just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic filings, and by First Class Mail and email to the Debtor at the address below on January 7, 2022.

        **SHRAIBERG, LANDAU & PAGE, P.A.**
        Attorneys for District Title
        2385 NW Executive Center Drive, Suite 300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: plandau@slp.law
        Email: pdorsey@slp.law

By:  */s/ Philip J. Landau*
        Philip J. Landau, Esq.
        Fla. Bar. No. 0504017
        Patrick Dorsey, Esq.
        Fla. Bar. No. 0085841

**By Email and First Class U.S. Mail:**
Matthew A. LeFande
9965 NW 48th Drive
Coral Springs FL 33076

Email to: matt@lefande.com