

ORDERED in the Southern District of Florida on July 8, 2022.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

*Tagged Opinion for Print Publication*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

Matthew August Le Fande,

    Debtor.
_____/

Case No. 21-16320-PDR

Chapter 7

### ORDER GRANTING DISTRICT TITLE'S MOTION TO DISMISS AND DENYING MOTION TO CONTINUE OR, IN THE ALTERNATIVE, TO RETAIN JURISDICTION OF ADVERSARY PROCEEDING

When a debtor files bankruptcy in bad faith to continue prepetition vexatious litigation tactics, the bankruptcy court must end that debtor's misuse of the system by appropriate means at the court's disposal. Here, that means dismissal. The Court is further duty bound not to exceed its jurisdiction. The Creditor asks the Court to retain jurisdiction over an adversary proceeding against the Debtor even after dismissal of the Main Case. That remedy, on the facts of this case, is simply a bridge

to far. For the reasons that follow, this case is dismissed, and the Court will not retain jurisdiction over the adversary proceeding.

## Background

Debtor Matthew August Le Fande was an attorney. In 2017, Le Fande's Client was sued by Creditor District Title, a title company based out of Washington, D.C., after she refused to turn over $300,000.00 that District Title accidentally transferred to her as part of a real estate closing (the "Transfer Lawsuit").[1] Once District Title secured a judgment from the United States District Court for the District of Columbia in the Transfer Lawsuit, it conducted discovery in aid of execution and found evidence suggesting Le Fande helped the Client illegally transfer the funds overseas. Based on this evidence, the district court ordered Le Fande to testify no less than six times, but he refused. As a result, the district court held him in contempt of court.[2]

After the entry of the contempt order, the Client—represented by Le Fande—filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland (the "Client Bankruptcy").[3] The bankruptcy court concluded that there was "little doubt that the true purpose behind [the Client Bankruptcy] was to protect [Le Fande] from discovery efforts in the [Transfer Lawsuit]" and that the filing was just "one more attempt by [Le Fande] to shield himself from questioning."[4]

---

[1] *District Title v. Warren*, No. 17-cv-02466 (D.D.C.).

[2] (Doc. 43-2); *In re Le Fande*, 919 F.3d 554 (D.C. Cir. 2019) (affirming the district court's contempt order).

[3] *In re Warren*, No. 17-22544 (Bankr. D. Md.).

[4] (Doc. 43-3).

The bankruptcy court awarded District Title fees against Le Fande individually under 28 U.S.C. § 1927, which states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[5]

Unsurprisingly, these actions led District Title to sue Le Fande individually based on various theories of fraud (the "Fraud Lawsuit").[6] Le Fande failed to respond to the Fraud Lawsuit, but before the district court could rule on District Title's pending motion for final default judgment, on June 29, 2021, Le Fande filed this—his own—Chapter 7 bankruptcy case.[7]

The Schedules list eleven unsecured claims totaling $1,606,298.95.[8] District Title's three claims total $1,372,927.38, or approximately 85% of the value of the claims. The remaining claims include debts owed to:

(1) the IRS for 2021 taxes in the amount of $10,207.00;

(2) Virginia for 2015 taxes in the amount of $3,783.00;

(3) Carolyn Mische-Hoeges, a law enforcement officer and Le Fande's former romantic partner, for an attorney's fee award in the amount of $117,335.68 resulting from Le Fande's filing of a

---

[5] The bankruptcy court also determined that Le Fande took "unreasonable positions . . . contrary to applicable law" and repeatedly failed to attend hearings. As a result, Le Fande "not only delayed District Title from proceeding with its enforcement actions . . ., his actions also forced District Title to expend time and money defending itself against baseless accusations, relitigating matters previously decided by another [c]ourt, and clarifying significant misrepresentations made by [Le Fande] to [the bankruptcy court] regarding the [Transfer Lawsuit]."

[6] (Doc. 43-4); *District Title v. Le Fande*, No. 1:19-cv-02558 (D.D.C.).

[7] (Doc. 1).

[8] (Doc. 13).

>   frivolous civil rights lawsuit against Mische-Hoeges after she accused Le Fande of stalking;[9]
>
> (4) Sallie Mae Direct Loans for student loans in the amount of $66,703.95;
>
> (5) Sharra Carvalho for an attorney's fee award resulting, in part, from Le Fande's "unfounded allegations of misconduct against opposing counsel" in the amount of $32,250.00;[10]
>
> (6) Alteon Health for a medical bill in the amount of $1,938.00;
>
> (7) UVA Health for a medical bill in the amount of $626.00; and
>
> (8) Prince William County Fire Department in the amount of $528.00 for an EMS bill.

The Court further notes that, though the Mische-Hoeges claim is scheduled, the Statement of Financial Affairs suggests that the claim was satisfied prepetition.[11]

On October 8, 2021, District Title filed its *Motion to Dismiss*, arguing that the case was filed in bad faith as an attempt to continue to evade District Title.[12] On October 15, 2021, District Title filed an Adversary Proceeding asking the Court to (1) enter a substantively similar judgment as requested in the Fraud Lawsuit, and (2) declare that Le Fande's debts to District Title arising from the Fraud Lawsuit and elsewhere are nondischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), and/or (a)(6).[13]

---

[9] (Doc. 43-6).

[10] (Doc. 43-7).

[11] (Doc. 13 at 41).

[12] (Doc. 43).

[13] *See District Title v. Le Fande (In re Le Fande)*, No. 21-01364-PDR (Doc. 1) (Bankr. S.D. Fla. Oct. 15, 2021) (the "Adversary Proceeding").

Le Fande failed to respond to the Adversary Complaint and District Title's Motion for Final Default Judgment remains pending.

Shortly before the Court's hearing on the Motion to Dismiss, District Title filed a *Motion to Continue or Retain Jurisdiction*[14] asking the Court to either continue the hearing on the Motion to Dismiss to a later date or, alternatively, to dismiss the Main Case, but retain jurisdiction over the Adversary Proceeding. At the hearing on June 15, 2022, the Court declined to continue the hearing and considered the Motion to Dismiss, admitted the exhibits attached to the Motion to Dismiss, and, to the extent appropriate, took judicial notice of the relevant court filings on its own docket and in the related cases noted above.

## Jurisdiction & Venue

The Court's subject matter jurisdiction is derived from 28 U.S.C. § 1334. The Court has statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a) & (b)(2)(A), and the general order of reference from the United States District Court for the Southern District of Florida. The Court has constitutional authority to enter final orders in this core proceeding. Venue is proper under 28 U.S.C. § 1408.

## Motion to Dismiss

The Court may only dismiss a Chapter 7 case "for cause", which may, under some circumstances, include prepetition bad faith. *See* 11 U.S.C. § 707(a); *See Piazza v. Neuterra Healthcare Physical Therapy, LLC*, 719 F.3d 1253, 1262 (11th Cir. 2013). Whether a debtor's prepetition conduct constitutes sufficient cause to dismiss

---

[14] (Docs. 115 & 116).

depends on the totality of the circumstances. *Piazza*, 719 F.3d at 1259, 1271–72; *In re Piazza (Piazza I)*, 451 B.R. 608, 614–15 (Bankr. S.D. Fla. 2011).

The facts above clearly establish that, prepetition, Le Fande—for years—strategically abused the legal system to evade liability to District Title and responsibility for his actions. On their face, these facts scream bad faith and lead to the inescapable conclusion that this case is yet another of Le Fande's efforts to manipulate the legal system with no regard for how his vexatious tactics affect others, including District Title and the federal judiciary at large. The Court cannot conceive of a case that better exemplifies prepetition bad faith justifying dismissal.

The bankruptcy court file and record only further support this conclusion. Le Fande was responsive and appeared at every hearing in the early stages of this case, but once the Court rejected Le Fande's tactical arguments related to the timeliness of the Motion to Dismiss and other filings, which meant he would have to address the substance of the issues raised by District Title, he vanished. Since the Court ruled on those timeliness issues on January 26, 2022, Le Fande has not made or responded to any court filings—including an order compelling Le Fande to respond to District Title's discovery request—or appeared at any hearings.[15] Moreover, the Schedules suggest that there is little, if any, purpose to this bankruptcy beyond simply evading liability to District Title.[16] The Court, in the wake of Le Fande's prepetition conduct,

---

[15] (Docs. 73, 79, 80, & 98).

[16] District Title accounts for over 85% of the total scheduled debt in this case. Just over half of what remains comes from the Mische-Hoeges Claim, which appears to have been satisfied prepetition. Further, the remaining tax and student loan debts are presumptively nondischargeable absent a court order stating otherwise. *See* 11 U.S.C. §§ 523(a)(1) & (8); *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 274 n.11 (2010); *In re Nedelka*, 595 B.R. 449, 453–54 (Bankr. D. Del. 2018).

finds that Le Fande filed this bankruptcy in bad faith, providing ample cause to dismiss under § 707(a).

## Motion to Retain Jurisdiction

The Adversary Proceeding contains two primary categories of claims against Le Fande: (1) Counts I–IV, which allege various theories of fraud and seek an accounting and equitable relief, and (2) Counts V–VII, which seek to declare the debts owed to District Title nondischargeable under 11 U.S.C. § 523(a). District Title asks the Court to retain jurisdiction over the pending Adversary Proceeding despite dismissal of the Main Case. "Although dismissal of the bankruptcy case usually results in dismissal of all remaining adversary proceedings, 11 U.S.C. § 349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown." *See Fidelity & Dep. Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992). Whether this discretionary authority should be employed depends on: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Lindsey v. Duckworth Dev. II, LLC (In re Lindsey)*, 854 F. App'x 301, 307 (11th Cir. 2021) (quoting *Morris*, 950 F.2d at 1535).

### I. The Court lacks discretion to retain jurisdiction over District Title's nondischargeability claims.

Though the Eleventh Circuit's interpretation of § 349 allows a bankruptcy court to, in its discretion, retain jurisdiction over adversary proceedings that would otherwise be dismissed following dismissal of the main bankruptcy case, that discretion is necessarily limited. Importantly, for example, § 349 does not allow a

bankruptcy court to retain jurisdiction over an adversary proceeding where the dismissal of the main bankruptcy case eliminates the constitutional basis for federal jurisdiction over that proceeding.

Under Article III of the Constitution, the jurisdiction of a federal court is limited to cases and controversies. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–338 (2016). To satisfy the case or controversy requirement, a plaintiff must have standing to sue. *Id.* To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

The dismissal of the Main Case leaves District Title without standing to seek relief under 11 U.S.C. § 523(a). Nondischargeability claims concern whether debts owed to a creditor are dischargeable in the debtor's bankruptcy case, but with the Main Case dismissed, the debts Le Fande owes District Title cannot be discharged. As a result, the nondischargeability claims "no longer present[] a live controversy with respect to which the court can give meaningful relief" and are moot. *See Hunt v. Aimco Prop., L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016); *see also In re Awaisi*, 627 B.R. 886, 886–87 (Bankr. E.D. Mich. 2021) (holding that § 523(a) claims were moot once the debtor was denied a discharge and dismissing the adversary proceeding for lack of subject matter jurisdiction). Further, District Title cannot maintain its nondischargeability claims merely due to the concern that Le Fande might file another bankruptcy case in the future because such a claim is not "actual or

imminent," but rather "conjectural or hypothetical." *See Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). Therefore, the dismissal of the Main Case leaves District Title without standing to proceed on its nondischargeability claims, leaving the Court without discretion to retain jurisdiction over them.

## II. The Court declines to apply § 349 to the remainder of the Adversary Proceeding.

The remainder of the Adversary Proceeding alleges various forms of fraud and is substantively identical to the claims District Title brought against Le Fande in the Fraud Lawsuit. Not only is the Fraud Lawsuit still pending, it and the Adversary Proceeding both have pending motions for default judgment.[17] In short, (1) judicial economy would not be served by maintaining the Adversary Proceeding because the Fraud Lawsuit is in the exact same procedural posture; (2) there is nothing unfair or inconvenient with respect to the litigants proceeding in the court in which District Title originally brought the claims; and (3) the degree of difficulty of the legal issues in the Fraud Lawsuit and Adversary Proceeding are identical. *See Morris*, 950 F.2d at 1535. Therefore, the Court declines to apply its discretionary authority to retain jurisdiction over the remainder of the Adversary Proceeding.

Accordingly, the Court **ORDERS**:

1. The *Motion to Dismiss* (Doc. 43) is **GRANTED**. This case is hereby dismissed for cause under 11 U.S.C. § 707(a). As a result:

    a. All pending motions are **DENIED AS MOOT**.

---

[17] *See* (Doc. 43 at ¶ 25); (Adversary Proceeding Doc. 26).

      b.      If applicable, the Trustee shall file a report within fourteen days of the entry of this Order.

      c.      As required by Local Rule 1017-2(E), the Debtor must immediately pay, in full, any remaining balance of any statutory or court-ordered fees, including filing fees, conversion fees, and U.S. Trustee's fees, due and owing at the time of dismissal. The Debtor shall remit such payment, if any is due, to the Clerk of the Court, Federal Building, 299 E Broward Blvd, Room 112, Fort Lauderdale, Florida 33301.

      d.      The Clerk is directed to refuse to accept for filing any future voluntary petition submitted by the Debtor if those filings violate Local Rule 1002-1(B)(1).

2. The *Motion to Continue or Retain Jurisdiction* (Doc. 116) is **DENIED**.

###

Copies To:
Phillip J. Landau, Esq.

*Phillip J. Landau, Esq. is directed to serve this Order on all interested parties.*